**ARNOLD MACHINERY COMPANY, INC.,**
a Utah Corporation, Plaintiff
and Appellant,

v.

**Clifford A. PRINCE, dba Prince Construction Company, and Western Surety Company, Inc., a corporation, Defendants and Respondents.**

No. 14337.

Supreme Court of Utah.

May 12, 1976.

John W. Lowe, of Brayton, Lowe & Hurley, Salt Lake City, for plaintiff-appellant.

George M. Mecham, Salt Lake City (for Prince), Tim Dalton Dunn, of Hanson, Wadsworth & Russon, Salt Lake City, (for Western), for defendants-respondents.

HENRIOD, Chief Justice:

Appeal from a summary judgment granting defendant Western's motion to dismiss Arnold's suit, based on a surety bond in favor of Arnold as a materialman beneficiary,[1] on the purported specific ground that the action was barred by Title

---

3. *Utah Commercial Bank v. Trumbo,* 17 Utah 198, 208, 53 P. 1033.

1. 14-2-1 provides that before any work is commenced on a private contract the owner "shall obtain from the contractor" a bond running to "the *owner*" and materialmen.

14-2-2 provides that suit must be filed within a year after last material or work

is furnished, if a bond is *not* required of and furnished by the contractor. It is difficult to see how some stranger, other than the owner, could be subject to such a statute, where such stranger did not *fail* to gratuitously furnish a bond and is not a person named in the statute, nor one who may require a bond, nor one who is liable in failing to file it.

14-2-2, Utah Code Annotated, 1953,—a one-year limitations statute. Reversed, with costs to Arnold.

The only issue here is whether Arnold is bound by 14-2-2, as adjudged by the court.

One Tolman was the prime contractor on a sanitation project for the United States Forest Service. One Prince was a subcontractor. Arnold was a materialman entitled to rental on equipment furnished Prince, payable under a contract with the latter, who could not, or did not respond. Theretofore Tolman had required Prince to furnish a bond to protect *him, Tolman,* and materialmen,—*not the owner* for whose property the rental ultimately inured. Prince obliged and obtained such a bond from Western, and the latter's defense was that Arnold's action was barred under 14-2-2.

Difficulty with Western's urgence is that Arnold is not the victim of that statute, but is the beneficiary of the six-year limitations statute,[2] since 14-2-1 provides that before any work is commenced the *owner* must obtain a bond *from the contractor* to pay, not only the *owner,* but the materialmen who haven't been paid, such as Arnold. The next section, 14-2-2, provides the only limitations defense, applicable in this case, which is an action by a materialman,—one year after the last material is furnished,[3]—which sections refer only to the owner of the property, not a stranger, volunteer or other interloper. Such limitation having only to do with a duty on the part of the owner is effective only if the statute itself is applicable,—which appears not to be evident here.

The bond here simply is a contract between a contractor to indemnify himself and his suppliers, irrespective of any other contract he has with the property owner on whose land he is building something. It is bottomed on simple, basic principles,

having no connection whatever with the statute mentioned, not being included or even mentioned in it, being simply a common law agreement for the benefit of third parties, the offerors and offerees being entirely different· duos.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

2. Title 78-12-23, Utah Code Annotated, 1953.

